BAILEY, J.
Inasmuch as the defendant, Holt, was not the owner of the first application at the time that an interference was. declared involving his second application, he was not authorized under Rule 109 of the Rules of the Patent Office to move to bring his former application into the interference. No rule of the Patent Office requires the registration of an assignment. I cannot see therefore how any estoppel arose which precluded the issuance of a patent to him, by reason, of the result of the interference proceedings in which the plaintiff’s assignor was involved.
I think that the plaintiff is entitled to the relief prayed.
Same:
BAILEY, J.
I reached my conclusions in this case with considerable-difficulty and with some doubt as to the correctness of my *55 views. I am willing to reconsider the question in this case either upon a reargument or upon such briefs as counsel may desire to submit.
BAILEY, J.
Rule 109 does not provide that anyone in whose name an application has been filed may move to bring his former application into an interference, but that the “owner” may do so. The word “ owner ’ ’ was evidently intentionally used, as it has been the practice for many years not to record an assignment until the issuance of the patent. Had the assignment been recorded it does not appear that there would have been any difference in the result. I am therefore of the same opinion as that in my memorandum filed January 18, 1935.